# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

HADLEY BOWER, et al.,           )
                                )
    Plaintiffs,                 )
                                )
vs.                             )   Case No. CIV-07-0779-F
                                )
7-ELEVEN, INC., et al.,         )
                                )
    Defendants.                 )

## ORDER

The complaint alleges that this court has diversity jurisdiction of this action under 28 U.S.C. § 1332(d)(2). In that regard, several of the defendants are identified in the complaint as limited liability companies, and one of the defendants is identified as a limited partnership.

The court has a duty to inquire into its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842 (10th Cir. 1988). The Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction. *But cf.*, Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) ("It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas."). However, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See*, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114,121 (4th Cir. 2004); GMAC Commer Credit LLC v. Dillard Dep't Stores, Inc., 357

F.3d 827, 828 (8th Cir. 2004); Rolling Greens MHP v. Comcast Sch. Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003); and Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2nd Cir. 2000); *see also*, 15 James WM. Moore, Moore's Federal Practice § 102.57[8] (3d ed. 2006). Although, as previously stated, the complaint in this action alleges that several of the defendants are limited liability companies, the complaint fails to allege the members and the citizenship of the members of each of the defendant limited liability companies.

In addition, the complaint identifies defendant Petro Stopping Centers, LP as a limited partnership. The United States Supreme Court has determined that, for purposes of diversity jurisdiction, the citizenship of a limited partnership is the citizenship of all of its members. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). The complaint in this action, however, fails to allege the members or the citizenship of each of those members of Petro Stopping Centers, LP.

It is plaintiffs' burden to allege facts sufficient to show jurisdiction. Accordingly, plaintiffs are directed to file, within 30 days of the date of this order, a statement identifying the members of each defendant limited liability company and the members of the defendant limited partnership; the statement shall also identify the citizenship of each of these entities' members; furthermore, if any member of any of these entities is, itself, a limited liability company or a limited partnership, then the statement shall likewise identify the members of any such entities and shall specify the citizenships of those members as well. The required information may be identified based on plaintiffs' information and belief. If the above-described information is not available to plaintiffs, then plaintiffs shall so state and the filing of that information

is excused. In that event, the court will expect all counsel to be prepared to discuss this aspect of the case at the status and scheduling conference to be held in this case.

Dated this 30th day of July, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0779p002(pub).wpd